**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas ELEMY, Defendant-Appellant.**

No. 80-1108.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 1981.

Decided Sept. 14, 1981.

Terry J. Amdur, Pasadena, Cal., for defendant-appellant.

Richard E. Drooyan, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, PREGERSON and CANBY, Circuit Judges.

CANBY, Circuit Judge.

Elemy was convicted of robbing four savings and loan associations. 18 U.S.C. § 2113(a), (d). On appeal, he contends that the trial court erred by admitting as substantive evidence the testimony of an FBI agent regarding an eyewitness's out-of-court identification. He also asserts that there was not sufficient evidence to convict him. We find both contentions without merit and accordingly affirm the convictions.

The four bank robberies were committed during the summer of 1979. The first bank and the fourth bank were each robbed by a single robber wearing a plastic mask. The other two banks were robbed by two bandits, one wearing a plastic mask and the other a stocking mask. The government alleged that Elemy committed the first and fourth robberies without assistance, while in the other two he was assisted by Laszlo Komjathy.

Elemy and Komjathy were tried together. At trial, the government attempted to prove by eyewitness identification and circumstantial evidence that at each robbery Elemy wore the plastic mask while at the two robberies in which he participated, Komjathy wore the stocking mask. Claudia Hines, an employee at one of the banks, testified that she saw both robbers with and without their masks on. She identified Elemy as the plastic-masked robber and Komjathy as the stocking-masked robber. The probative value of her in-court identifica-

tions, however, was called into question by evidence of certain events occurring prior to trial.

Before the trial FBI agent McNeal showed Hines a "photo spread." Hines identified the person in photograph 30–E as the plastic masked bank robber. In fact, that photograph was a picture of Komjathy, who, according to the government's case, wore the stocking mask. Sometime thereafter, Hines attended a police lineup. Elemy was in position three; Komjathy was not present. Hines identified Elemy and the person in position five (a stand-in) as the robbers.

At the trial, Hines, testified that her partially incorrect identification at the lineup stemmed from her mistaken belief that both suspects were going to be present. She also testified that approximately 30 to 45 minutes after the lineup, she told McNeal that she was positive that Elemy was one of the robbers.

Agent McNeal then testified that at the lineup Hines stated that Elemy moderately resembled the stocking-masked robber and a stand-in strongly resembled the plastic-masked robber. He further testified, over defense counsel's hearsay objection, that sometime after the lineup, Hines told him that her original identification was incorrect. She then said she was certain that Elemy was one of the robbers, and if the second robber was present, he was the person in position number 5.

## I.

Fed.R.Evid. 801(d)(1)(C) provides:

A statement is not hearsay if—

The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (C) one of identification of a person made after perceiving him. . . .

Elemy contends that the rule refers only to testimony by a witness to previous identifications made by that witness. In his view, the rule does not permit a witness to testify regarding identifications made by another witness.

■ The plain words of rule 801(d)(1)(C) do not contain the limitation urged by Elemy, and we decline to read it into the rule. The reasons for admitting identification statements as substantive evidence are that out-of-court identifications are believed to be more reliable than those made under the suggestive conditions prevailing at trial, and the availability of the declarant for cross-examination eliminates the major danger of hearsay testimony. *See* Fed.R. Evid. Advisory Committee Note to rule 801(d)(1)(C); *Gilbert v. California*, 388 U.S. 263, 272–73 n.3, 87 S.Ct. 1951, 1956–57 n.3, 18 L.Ed.2d 1178 (1967). These reasons remain fully applicable when the person who testifies to the statement of identification is not the person who uttered it, so long as the latter also testifies and is available for cross-examination.

In the present case the declarant, Hines, did testify and Elemy's counsel was permitted to cross-examine her at great length. Nor is there anything in the record to suggest that she was not available for reexamination after Agent McNeal testified. The requirement of availability for cross-examination having been met, we conclude that rule 801(d)(1)(C) encompasses the testimony of Agent McNeal concerning the identification statements of witness Hines, and that this testimony was consequently not hearsay.

Our interpretation of the rule is supported by its legislative history. That history indicates that Congress enacted the provision to remedy two perceived problems: (1) the typical situation where the witness's memory no longer permits a current identification and he therefore can only testify as to his previous identification; and (2) the instance where before trial the witness identifies the defendant and then because of fear refuses to acknowledge his previous identification. 121 Cong.Rec. 31,-866–67 (Congressmen Hungate and Wiggins). It is plain that in the second situation the witness's prior identification can only be introduced into evidence by a third party who was present at the original identification.

Finally, we note that our view of the rule is in accord with that of other circuits which have considered this question. *United States v. Cueto*, 611 F.2d 1056, 1063 (5th Cir. 1980); *United States v. Fritz*, 580 F.2d 370, 375–76 (10th Cir.) (en banc), *cert. denied*, 439 U.S. 947, 99 S.Ct. 340, 58 L.Ed.2d 338 (1978); *United States v. Lewis*, 565 F.2d 1248, 1251–52 (2d Cir.), *cert. denied*, 435 U.S. 973, 98 S.Ct. 1618, 56 L.Ed.2d 66 (1977).

## II.

Elemy asserts that the evidence was not sufficient to prove that he committed the robberies. This contention is frivolous. Viewing the evidence in the light most favorable to the government, we conclude that there was ample evidence to permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). *United States v. Spears*, 631 F.2d 114 (9th Cir. 1980). The convictions are accordingly affirmed.