STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID KALEI
MOTTA, also known as Bimbo, Defendant-Appellant

NO. 8466

(CRIMINAL NO. 54512)

FEBRUARY 24, 1983

LUM, ACTING C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CIRCUIT JUDGE VITOUSEK ASSIGNED BY
REASON OF VACANCY

OPINION OF THE COURT BY LUM, J.

Defendant-appellant David Kalei Motta appeals his jury conviction of first degree robbery by threat of force in violation of Haw. Rev. Stat. (HRS) § 708-840(1)(b)(ii) (1976). Appellant's principal contentions on appeal are that the trial court committed reversible error in refusing to read his requested alibi instruction in its entirety and in admitting a police artist's composite sketch of the robbery suspect. Finding no merit to appellant's contentions, we affirm.

I.

On April 29, 1980 at about 11:30 p.m., Wendy Iwashita, a cashier on duty at Anna Miller's Coffee House in Pearlridge, was robbed at gunpoint by a man who demanded that she give him all the money she had in her cash register. Iwashita complied and the robber fled with approximately $300.00 in cash.

Iwashita gave a description of the robber to the police who arrived at the scene soon thereafter. On May 6, 1980, Iwashita met with Joe Aragon, an artist for the Honolulu Police Department, who drew a composite sketch of the robbery suspect based on Iwashita's description.

On June 3, 1980, Iwashita picked appellant's photograph from a photographic array of about twenty-five to thirty pictures. On June 9, 1980, Iwashita positively identified appellant in a preliminary hearing. At trial, Iwashita confirmed her prior identifications and pointed out the appellant as the person who robbed her.

Appellant presented an alibi defense at trial. Appellant testified that he was at a nightclub at the time of the robbery. Appellant called several other witnesses to describe his physical appearance on the date of the robbery and to corroborate his alibi.

After considering the evidence presented, the jury found appellant guilty of the offense of robbery in the first degree.

## II.

Appellant contends that the trial court's omission of the last paragraph of his requested alibi instruction constitutes reversible error. Appellant's requested alibi instruction was taken verbatim from the standard alibi instruction in 1 E. Devitt and C. Blackmar, Federal Jury Practice and Instruction, § 13.08 (3d ed. 1977) which states as follows:

Evidence has been introduced tending to establish an alibi, which amounts to a contention that the defendant was not present at the time when or at the place where he is alleged to have committed the offense charged in the indictment.

If, after consideration of all the evidence in the case, you have a reasonable doubt as to whether the defendant was present at the time and place the alleged offense was committed, you must acquit him.

*The jury will bear in mind the government's burden of establishing the involvement of the defendant, and all other essential elements of the offense as defined in these instructions, by proof beyond a reasonable doubt.*

(emphasis added).

The trial court read the first two paragraphs of the above instruction, but omitted the last paragraph regarding the government's burden of establishing appellant's involvement by proof beyond a reasonable doubt. The court apparently concluded that this last paragraph was cumulative since the charge already included instructions that the prosecution has the burden of proving each and every element of the offense charged.

Appellant contends that as a result of the trial court's omission of the last paragraph of the tendered instruction, the jury may have incorrectly concluded that by virtue of his assertion of an alibi defense, appellant had the burden of establishing his innocence. Appellant notes that other courts have recognized that "[i]n those cases where alibi defense is presented, there exists the danger that the failure to prove that

defense will be taken by the jury as a sign of the defendant's guilt." *United States v. Burse,* 531 F.2d 1151, 1153 (2d Cir. 1976). *Accord, United States v. Hoke,* 610 F.2d 678, 679 (9th Cir. 1980).

Although we recognize that there may be a danger of jury misapprehension whenever a defendant presents an alibi defense, we conclude, upon careful review of the charge given to the jury, that there was no danger of misapprehension in the instant action.

The trial court read what it considered the pertinent part of appellant's requested alibi instruction.[1] The instruction actually given by the trial court sufficiently apprised the jurors that appellant must be acquitted if there was any reasonable doubt about appellant's presence at the scene of the crime, after consideration of all the evidence in the case.[2] Furthermore, since the jurors were sufficiently apprised of the proper burden of proof elsewhere in the charge, the omitted portion of appellant's requested alibi instruction would have been merely cumulative.[3]

---

[1] *Cf.* United States v. Ragghianti, 560 F.2d 1376 (9th Cir. 1977) (trial court committed reversible error in not only refusing to give an alibi instruction but failing to even mention defendant's claim of an alibi in its charge); United States v. Burse, *supra* (where defendant presented sufficient evidence of an alibi to be entitled to an alibi instruction, trial court's failure to give any alibi instruction whatsoever was reversible error).

[2] *Cf.* United States v. Alston, 179 U.S. App. D.C. 129, 551 F.2d 315, 318 (1976) (trial court's alibi instruction, which implied that defendant's alibi evidence had to be more credible than testimony of government witnesses, amounted to reversible error because it failed to sufficiently apprise the jurors that alibi evidence need only raise a reasonable doubt).

[3] *But cf.* United States v. Hoke, *supra* (defendant's requested instruction, which charged that defendant did not have the burden to establish his innocence, deemed not cumulative since government's proof of identity was weak and defendant's alibi evidence could have been easily disbelieved by the jury).

The Fifth Circuit Court of Appeals was confronted with a similar situation in *United States v. Rhodes,* 569 F.2d 384 (5th Cir.), *cert. denied,* 439 U.S. 844 (1978). The defendant in *Rhodes* contended that the absence of an explicit statement in the alibi instruction regarding the government's burden of proving the defendant's presence at the scene of the crime constituted reversible error. The court rejected the defendant's argument and found that the jury was sufficiently apprised of the proper burden of proof when the charge was considered as a whole. The court stated that

> [W]e do not determine the correctness of jury charges by analysis of only an isolated fragment of a charge. Rather, we examine the charge as a whole. In this light, a reading of the entire charge reveals that immediately preceding the giving of the portion of the charge complained of, the court charged the jury on the government's burden to prove beyond a reasonable doubt every element of the crimes charged. Clearly, the jury was adequately apprised of the law on the defense of alibi.

*Id.* at 392.

It is a well-settled principle in this jurisdiction that the "refusal or giving of requested instructions must be interpreted, or considered, in connection with the entirety of the court's charge to the jury." *State v. Travis,* 45 Haw. 435, 437, 368 P.2d 883, 885 (1962) (quoting *Territory v. Aquino,* 43 Haw. 347, 380 (1959)). *Accord, State v. Feliciano,* 62 Haw. 637, 641, 618 P.2d 306, 309 (1980); *State v. McNulty,* 60 Haw. 259, 264, 588 P.2d 438, 443 (1978); *cert. denied,* 441 U.S. 961 (1979).

When read as a whole, it is clear that the charge given by the trial court did place the burden on the prosecution to prove defendant's criminal involvement beyond a reasonable doubt. At the beginning of the charge, the trial court instructed the jury as follows:

> A defendant in a criminal case is presumed to be innocent throughout the trial of a case, unless and until the contrary is proven beyond a reasonable doubt, and in case you have a reasonable doubt as to whether his guilt has been proven, he is entitled to an acquittal.

This presumption of innocence is not a mere slogan but an essential part of the law; *and it places upon the prosecution the burden of proving the defendant guilty beyond a reasonable doubt of every material element of the crime charged.*

(emphasis added).

In the instruction regarding the identification of the defendant as the perpetrator of the crime, the court reiterated that

*The Government has the burden of proving identity beyond a reasonable doubt.* It is not essential that the witness herself be free from doubt as to the correctness of her statement. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

(emphasis added).

In light of the trial court's repeated instructions that the prosecution has the burden of proving beyond a reasonable doubt that appellant was guilty of every material element of the crime charged, appellant was not prejudiced by the court's refusal to repeat this instruction again with regard to the alibi defense. The charge given by the trial court sufficiently apprised the jury that the burden of proof beyond a reasonable doubt remains with the government for each and every element of the offense charged. The trial court's omission of a specific statement regarding the burden of proof in its alibi instruction therefore did not constitute reversible error.

III.

Appellant also contends that the trial court erred in admitting Aragon's composite sketch based on Iwashita's description of the robbery suspect. Appellant argues that the sketch was inadmissible hearsay under Haw. R. Evid. 802 which provides that "[h]earsay is not admissible except as provided by these rules, or by other rules prescribed by the Hawaii supreme court, or by statute." Rule 801(3) defines "hearsay" as

"a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Other courts have admitted composite sketches into evidence under various rationales. One view, expressed by the Second Circuit Court of Appeals in *United States v. Moskowitz,* 581 F.2d 14 (2d Cir.), *cert. denied,* 439 U.S. 871 (1978), is that a police sketch is not even hearsay because it does not qualify as a statement which is defined in Fed. R. Evid. 801(a) as "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion." Under this view, since the sketch did not constitute hearsay, it merely had to satisfy the authentication requirements of Fed. R. Evid. 901.

Another approach taken by some state courts is to view the police sketch as hearsay, but admissible under various common-law hearsay exceptions. The Pennsylvania Superior Court in *Commonwealth v. Dugan,* 252 Pa. Super. 377, 381 A.2d 967 (1977) took this approach and found that a sketch made by a friend of the victim was properly admitted under the "res gestae" exception to the hearsay rule since the sketch had been made shortly after the victim had seen the suspect. The Illinois Supreme Court in *People v. Rogers,* 81 Ill.2d 571, 411 N.E.2d 223 (1980) held that the hearsay rule did not bar admission of a composite sketch used as extra-judicial identification evidence to corroborate a witness' in-court identification.

A final alternative, which is available to those courts which have adopted rules similar to the Federal Rules of Evidence, is to allow the admission of composite sketches and other pretrial identifications under the prior identification exception to the general hearsay exclusionary rule under Fed. R. Evid. 801(d)(1)(C). Such an approach has the support of several commentators. *See, e.g.,* McCormick, Evidence, § 251 (2d ed. 1972); 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶801(d)(1)(C) [01] (1981); Comment, *The Use of Prior Identification Evidence in Criminal Trials under the Federal Rules of Evidence,* 66 J. Crim. L. & Criminology 240 (1975).

Rule 801(d)(1)(C) provides as follows:

(d) Statements which are not hearsay. A statement is not hearsay if—

(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (C) one of identification of a person made after perceiving him . . . .

The Senate Judiciary Committee which recommended the adoption of Rule 801(d)(1)(C) noted that

Both experience and psychological studies suggest that identifications consisting of nonsuggestive lineups, photographic spreads, or similar identifications made reasonably soon after the offense, are most [sic] reliable than in-court identifications. Admitting these prior identifications therefore provides greater fairness to both the prosecution and defense in a criminal trial. See McCormick, Evidence, 602 (2d ed. 1972). Their exclusion would thus be detrimental to the fair administration of justice.

Senate Report No. 94-199, 94th Cong., 1st Sess. (1975) *reprinted in* 11 J. Moore & H. Bendix, Moore's Federal Practice § 801.41 [4.-2] (2d ed. 1982).

After careful review of the various alternatives, we find that the better approach is to recognize a composite sketch as hearsay but nevertheless admissible under the hearsay exception for prior identifications if it complies with Haw. R. Evid. 802.1(3) (which is identical in substance to Fed. R. Evid. 801(d)(1)(C)).[4]

We recognize along with the majority of courts that a composite sketch is in fact hearsay. It has the same effect as if the victim had made a verbal description of the suspect's physical characteristics. Just because the sketch is in picture

---

[4] Haw. R. Evid. 802.1(3) provides as follows:

Rule 802.1 Hearsay exception; prior statements by witnesses. The following statements previously made by witnesses who testify at the trial or hearing are not excluded by the hearsay rule:

. . . .

(3) Prior identification. The declarant is subject to cross-examination concerning the subject matter of his statement, and the statement is one of identification of a person made after perceiving him . . . .

form does not change the fact that it is being offered as a statement made out of court to prove what the suspect looked like. *See United States v. Moskowitz,* 581 F.2d at 22 (Friendly, J., concurring); *Commonwealth v. Dugan,* 381 A.2d at 971 (Spaeth, J., concurring).

Although a composite sketch is hearsay, it may still be admissible as a prior identification under Haw. R. Evid. 802.1(3) if (1) the declarant testifies at trial and is subject to cross-examination concerning the subject matter of his statement and (2) the statement is one of identification of a person made after perceiving him. In the instant action, the admission of the sketch met the requirements of Haw. R. Evid. 802.1(3): the declarant, Wendy Iwashita, testified at trial and was available for cross-examination regarding the subject matter of her description, and the sketch was an identification of the robbery suspect made after Iwashita had seen him.

Appellant contends that the composite sketch was admitted solely to corroborate Wendy Iwashita's in-court identification. Appellant consequently argues that since corroborating evidence is only admissible when offered to rebut testimony impeaching the witness and no such impeaching evidence was introduced, the sketch is inadmissible.

Appellant misapprehends the nature of the prior identification exception to the hearsay rule. Unlike the common-law extrajudicial identification exception involved in *People v. Rogers, supra,* the prior identification exception under Fed. R. Evid. 801(d)(1)(C) (and under Haw. R. Evid. 802.1(3)) allows the admission of pretrial identifications, not merely as corroborative evidence, but also as substantive proof of identity. *See* Haw. R. Evid. 802.1 commentary ("The substantive use of prior identifications is allowed in Fed. R. Evid. 801(d)(1)(C)); 11 J. Moore, *supra* § 801.41[5] ("[S]tatutory construction requires that the same substantive effect be given to a prior statement that qualifies under (C) as a prior statement qualifying under (A) or (B) of the same paragraph"). *See also Gilbert v. California,* 388 U.S. 263, 272, n.3 (1967) ("The recent trend ... is to admit the prior identification under the exception that admits as substantive evidence a prior communication by a witness who is available for cross-examination at trial").

Thus, as one commentator notes, Rule 801(d)(1)(C) oper-ates independently of the impeachment process and therefore the statement is admissible as substantive evidence even though it is not a prior inconsistent statement for impeachment purposes as required in Fed. R. Evid. 801(d)(1)(A) nor a prior consistent statement for rehabilitation purposes as required in Rule 801(d)(1)(B). 4 Weinstein, *supra.*

The primary reason for excluding hearsay is the danger that the declarant is not available and her credibility therefore cannot be assessed by the trier of fact. That danger was not present in this case where both Joe Aragon, the police artist who made the sketch, and Wendy Iwashita, the eyewitness who provided the description, testified at trial and were subject to cross-examination by the defense. *See also State v. Naeole,* 62 Haw. 563, 570, 617 P.2d 820, 826 (1980) (testimony permitted with regard to photographic lineup where both the officer who conducted the lineup and the person making the identification were present at trial to testify about the prior identification and were subject to cross-examination.)

We noted in *State v. O'Daniel,* 62 Haw. 518, 527, 616 P.2d 1383, 1390 (1980) that "[i]t is well settled that the trial court is vested with discretion regarding the admissibility of evidence at trial and such a decision will not be reversed absent an abuse." *Accord, State v. Nakamura,* 65 Haw. 74, 80, 648 P.2d 183, 187 (1982); *State v. Melear,* 63 Haw. 488, 495, 630 P.2d 619, 625 (1981).

Given the fact that the jury was given the opportunity to judge the credibility of both the police artist and the eyewitness at trial, we find no reason to disturb the trial court's discretion in admitting the sketch into evidence.

IV.

Defendant's remaining contention on appeal is that the grand jury indictment which charged him with the offense of first degree robbery in violation of Haw. Rev. Stat. § 708-840(1)(b)(ii) was fatally defective because it failed to explicitly allege that Wendy Iwashita was present during the commission of the robbery. Appellant first raised this alleged defect in a

post-trial motion to dismiss the indictment for failure to state an offense. The trial court denied appellant's motion.

In a recent decision involving the same appellant, *State v. Motta,* 66 Haw. 89, 657 P.2d 1019 (1983), we decided to construe an indictment liberally, where the defendant waits until after conviction to challenge the indictment for the first time. We held in *Motta* that "[o]ur adoption of this liberal construction standard for post-conviction challenges to indictments means we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." *Id.* at 91, 657 P.2d at 1020.

Applying this standard to the instant case, we conclude that the indictment can be reasonably construed to infer the presence of Wendy Iwashita during the commission of the robbery. We further conclude that appellant was not prejudiced by any alleged defect in the indictment. We accordingly hold that the trial court properly denied appellant's post-trial motion to dismiss the indictment.

Affirmed.

*Anthony Yusi,* Deputy Public Defender, (*Alvin T. Sasaki* and *Karl K. Sakamoto,* Deputy Public Defenders, and *Geronimo Valdriz, Jr.,* Law Clerk, on the briefs) for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, for plaintiff-appellee.