905 P.2d 1066

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brian WOODBURY, Defendant–Appellant.**

**No. 21476.**

Court of Appeals of Idaho.

Nov. 6, 1995.

Jonathan B. Hull, Kootenai County Public Defender, Coeur d'Alene, for appellant.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, and Catherine L. Derden, Arkansas, for respondent. Catherine L. Derden argued.

PERRY, Judge.

Brian Woodbury was found guilty of one count of robbery, I.C. §§ 18–6501, –6502, and one count of burglary, I.C. § 18–1401. He contends that during his trial the district court erred in admitting hearsay testimony. On appeal, Woodbury seeks reversal of his judgments of conviction and a new trial. We affirm.

## I.

## FACTS AND PROCEDURE

Harley Hansen was beaten and robbed in his home on the evening of November 16, 1993. Brian Woodbury was apprehended shortly after the attack and was charged with robbery and burglary. Woodbury pled not guilty.

At trial before a jury, Hansen described the incident and his assailant on direct examination. He was also subject to cross-examination and questions in aid of objection on these matters. The prosecution later sought to admit the testimony of officer Knight, the responding officer, regarding the initial report Hansen made about the incident. Woodbury's counsel objected to this line of questioning on hearsay grounds. The district court found that although the officer's testimony was hearsay, it fell within the present sense impression exception to the hearsay rule, I.R.E. 803(1), and admitted the officer's testimony.

Officer Knight testified to the description of the assailant which Hansen gave on the night of the incident. During this testimony, the officer indicated that Hansen had provided greater detail regarding the assailant's description on the night of the incident than Hansen had in his trial testimony.[1] Officer

---

1. Hansen testified at trial that his assailant wore a "dark coat with the zippers were really noticeable on his coat." Hansen described the assailant as a "very large individual, very well built. Quite a bit, I'm six foot, he was quite a bit taller than me and quite a bit more broad in the shoulder."

Officer Knight testified that Hansen told him that the assailant was wearing, "a black leather jacket with zippers on it." At the time of his arrest Woodbury was wearing a black leather

Knight also testified regarding Hansen's account of the attack. This portion of Knight's testimony, however, was largely repetitive of Hansen's own testimony.

At the conclusion of the trial, the jury found Woodbury guilty of both robbery and burglary. Woodbury appealed, arguing that the district court erred in allowing the officer to testify concerning Hansen's statement on the night of the incident because Hansen's out-of-court statement was inadmissible hearsay.

## II.

## ANALYSIS

■ A trial court has broad discretion in the admission of evidence at trial. Its judgment will only be reversed when there has been a clear abuse of discretion. *State v. Zimmerman*, 121 Idaho 971, 829 P.2d 861 (1992); *State v. Smith*, 117 Idaho 225, 786 P.2d 1127 (1990).

**A. The District Court Did Not Abuse its Discretion in Admitting Officer Knight's Testimony Regarding Hansen's Out–of–Court Description of the Assailant.**

■ The district court found that the out-of-court statement by Hansen, as repeated by officer Knight, was hearsay but qualified for the present sense impression exception to the hearsay rule, I.R.E. 803(1), and was therefore admissible. Woodbury argues that the forty-five minute period between the incident and Hansen's statement to the officer precludes the statement from qualifying as a present sense impression. The state, however, contends that Hansen's out-of-court statement constitutes "identification" evidence which I.R.E. 801(d)(1)(C) excludes from the definition of hearsay. Thus, as non-hearsay, the statement need not be shown to meet any exception to the hearsay rule. Therefore, the state argues, it was not error for the district court to admit the testimony.

■ The first step in a court's analysis of alleged hearsay testimony is to determine if the testimony is, in fact, hearsay. Hearsay is defined as testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion of the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. *Isaacson v. Obendorf,* 99 Idaho 304, 309, 581 P.2d 350, 355 (1978); I.R.E. 801(c). Here the out-of-court statement by Hansen was the subject of testimony in court by officer Knight. The testimony was offered to prove the truth of the matters asserted therein—specifically a description of what the assailant looked like for the purpose of proving identification. Certain communications are explicitly excluded, however, from the definition of hearsay. I.R.E. 801(d). One such excluded communication is the "identification of a person made after perceiving the person." I.R.E. 801(d)(1)(C).

■ Idaho appellate courts have not specifically addressed the proper interpretation of I.R.E. 801(d)(1)(C). The Idaho and federal rules on prior identification by a witness are identical. *See,* I.R.E. 801(d)(1)(C) and Fed.R.Evid. 801(d)(1)(C). Because the rules are the same, federal case law is relevant and helpful. *State v. Carrasco,* 117 Idaho 295, 298, 787 P.2d 281, 284 (1990); *State v. Vaughn,* 124 Idaho 576, 580, 861 P.2d 1241, 1245 (Ct.App.1993).

The rationale behind Fed.R.Evid. 801(d)(1)(C) is "the generally unsatisfactory and inconclusive nature of courtroom identifications as compared with those made at an earlier time under less suggestive conditions." Fed.R.Evid. 801, advisory committee's notes (1972); *See* S.Rep. No. 199, 94th Cong., 1st Sess. 2 (1975). "Admitting these prior identifications therefore provides greater fairness to both the prosecution and the defense in a criminal trial." *United States v. Brink,* 39 F.3d 419, 425 (3rd Cir.1994), *quoting* S.Rep. No. 199, 94th Cong., 1st Sess. 2 (1975).

---

jacket with zippers on it. Officer Knight further testified that Hansen told him that the assailant was "approximately six foot four or better. 200

to approximately 220 pounds." Evidence was introduced at trial that Woodbury weighs 230 pounds and is approximately 6 feet 7 inches tall.

Third party accounts of the prior identification have been accepted in the federal courts. *United States v. Elemy,* 656 F.2d 507 (9th Cir.1981); *United States v. Jarrad,* 754 F.2d 1451 (9th Cir.1985); *United States v. Brink,* 39 F.3d 419 (3rd Cir.1994). In *Elemy,* the statement came thirty to forty-five minutes after a lineup where the declarant saw Elemy. The Ninth Circuit followed the reasoning that out-of-court identifications are believed to be more reliable than those made under the suggestive conditions prevailing at trial. *Elemy,* 656 F.2d at 508.

The Third Circuit has examined this rule and found that a description qualifies as a prior identification under Fed.R.Evid. 801(d)(1)(C). *Brink,* 39 F.3d at 426. In that case, Brink was on trial for robbing a bank. At trial, one of the bank tellers testified that she could no longer remember the color of the robber's eyes. An FBI agent, however, testified that the day after the robbery, the teller told him that the robber had dark eyes. Brink had light hazel eyes. Brink sought to admit the bank teller's out-of-court statement as substantive evidence. The trial court in that case admitted the bank teller's out-of-court statement for impeachment purposes only. The appellate court concluded that the trial court should have found the bank teller's out-of-court statement was non-hearsay under Fed.R.Evid. 801(d)(1)(C) and admitted it as substantive evidence. *Brink,* 39 F.3d at 426.

Hawaii Rule of Evidence 802.1(3) is also identical to Fed.R.Evid. 801(d)(1)(C). *State v. Motta,* 66 Haw. 254, 659 P.2d 745, 750 (1983). In interpreting their rule, the Supreme Court of Hawaii reviewed the admissibility of composite sketches. *Motta,* 659 P.2d at 750. They compared a composite sketch to a verbal description. "Just because the sketch is in picture form does not change the fact that it is being offered as a statement made out of court to prove what the suspect looked like." *Id.* The court then found the sketch admissible as substantive evidence of the suspect's appearance. *Id.* The court reasoned that the primary reason for the exclusion of hearsay is the danger associated with admission of statements at trial without an opportunity for the trier of

fact to assess the declarant's credibility. *Id.* at 751. Pursuant to Fed.R.Evid. 801(d)(1)(C) and the states' equivalents, the out-of-court declarant must be a "witness," and hence available for cross-examination, in order for the identifications to be admissible. The Hawaii Supreme Court found the composite sketch admissible.

■ Here, the identifying declarations made by Hansen qualify under the federal interpretation of Fed.R.Evid. 801(d)(1)(C). Idaho adopted the Federal Rules of Evidence as the Idaho rules in order to obtain uniformity in trial practice in Idaho. *Chacon v. Sperry Corp.,* 111 Idaho 270, 275, 723 P.2d 814, 819 (1986). In the absence of a ruling from the Idaho Supreme Court to the contrary, we deem it appropriate to follow federal precedent in order to maintain, to the extent possible, consistency between the federal and Idaho rules.

■ Hansen's descriptive statement was a prior identification and therefore not hearsay. I.R.E. 801(d)(1)(C). The district court found that the testimony was hearsay, but fell within one of the exceptions to that rule. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper reason. *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984). Pursuant to federal precedent interpreting Fed.R.Evid. 801(d)(1)(C), the descriptive statement, made forty-five minutes after the incident as repeated by the officer in his testimony, was admissible as a prior identification by a witness and was not hearsay. The district court therefore did not err in admitting the descriptive testimony.

**B. The District Court Did Not Commit Reversible Error in Admitting Officer Knight's Testimony Repeating Hansen's Out–of–Court Statements Regarding the Attack.**

■ The remainder of the officer's testimony which Woodbury claims is error consists of Knight's repetition of Hansen's out-of-court account of the attack on the night of the incident. Although we agree that admission of this portion of Knight's testimony

may have been error, we believe such error to be harmless.

 In order to mandate a reversal it must be shown that the objectionable evidence contributed to the verdict and thereby affected the substantial rights of the defendant. *State v. Cliff*, 116 Idaho 921, 924, 782 P.2d 44, 47 (Ct.App.1989). Idaho Criminal Rule 52 provides that "any error ... which does not affect substantial rights shall be disregarded." *See also*, I.R.E. 103(a). In determining whether an error has affected substantial rights or is harmless, the inquiry is whether it appears from the record that the error contributed to the verdict, leaving the appellate court with a reasonable doubt that the jury would have reached the same result had the error not occurred. *State v. Hall*, 111 Idaho 827, 832, 727 P.2d 1255, 1260 (Ct.App.1986).

The testimony of officer Knight is notably repetitive of Hansen's testimony at trial. The information elicited from the officer regarding the attack was already before the jury. We are convinced beyond a reasonable doubt that the jury would have reached the same decision absent this portion of the officer's testimony. Even if this portion of officer Knight's testimony was hearsay not within an exception, we conclude it did not affect Woodbury's substantial rights. Therefore any error in this regard was harmless error and not grounds for reversal.

### III.

### CONCLUSION

The district court did not commit reversible error by admitting the testimony of officer Knight. The portion of his testimony relating to Hansen's description of the assailant was not hearsay. As to the remainder of the testimony, even if the district court erred in admitting this testimony, the error was harmless. The judgments of conviction are affirmed.

WALTERS, C.J., concurs.

LANSING, Judge, concurring in result.

I am unable to join in Part II(A) of the foregoing opinion because I conclude that Officer Knight's testimony recounting Harley Hansen's description of the assailant was hearsay.

Idaho Rule of Evidence 801(d)(1)(C) excludes from the definition of hearsay a statement "of identification of a person made after perceiving the person" if the declarant testifies at trial and is subject to cross examination. The only type of statement covered by this exclusion is an "identification" of a person. In the present case, Hansen's assailant wore a ski mask throughout the attack so Hansen was never able to see the assailant's face or identify Woodbury as the perpetrator. The lead opinion nonetheless holds that Hansen's out-of-court description of the perpetrator's size and clothing was admissible as an "identification" within I.R.E. 801(d)(1)(C). This conclusion is not borne out by the plain language of the rule.

The word "identify" is clear and unambiguous, and does not mean "describe." "Identify" is defined as, "to establish the identity of ... show or prove the sameness of." WEBSTER'S THIRD INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE 1123 (1976). Thus, an identification of a person specifies a single individual as the same person who is sought. In criminal cases this is typically accomplished by the selection of an individual from a lineup or photographic array, or by information from a witness who personally recognized the perpetrator. By contrast, a description only narrows the focus of the search to the universe of persons who possess the described characteristics. Thus, "identification" and "description" are not synonymous. I believe that the drafters of the Idaho Rules of Evidence can be trusted to have expressed their meaning with the words used, and if they intended to include descriptions within I.R.E. 801(d)(1)(C), they would have done so by appropriate language.

Although examination of the history of I.R.E. 801(d)(1)(C) is unnecessary because the language of the rule is unambiguous, that history confirms that "identification" was used to mean a circumstance where a single individual has been picked out or specified. The comment to I.R.E. 801(d)(1)(C) states,

"The purpose of the provision is to make clear, in line with the recent law in the area, that nonsuggestive lineup, photographic and other identifications are not hearsay and therefore are admissible." REPORT OF IDAHO STATE BAR EVIDENCE COMMITTEE, C 801, p. 6 (Supplemented 6/1/85). Similarly, the report on the corresponding federal rule of evidence by the Senate Committee on the Judiciary states:

> Both experience and psychological studies suggest that identifications consisting of nonsuggestive lineups, photographic spreads, or similar identifications, made reasonably soon after the offense, are more reliable than in-court identifications. Admitting these prior identifications therefore provides greater fairness to both the prosecution and defense in a criminal trial.

Nothing in the comments to the Idaho Rules of Evidence nor in the Advisory Committee notes or legislative history of the corresponding federal rule suggests that out-of-court statements that merely describe an individual's physical appearance or clothing are to be considered statements of "identification" covered by I.R.E. 801(d)(1)(C). I thus find it abundantly clear that Officer Knight's testimony was hearsay when he reiterated a description of the assailant given by Hansen on the night of the attack.

Because this testimony was hearsay, it is necessary to consider whether the testimony was admissible under a hearsay exception. The district court found that the testimony came within the present sense impression exception to the hearsay rule, I.R.E. 803(1). That rule provides that a hearsay statement will not be excluded if it is "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." The rationale underlying this exception is that, "substantial contemporaneity of event and statement negative the likelihood of deliberate or conscious misrepresentation." REPORT OF IDAHO STATE BAR EVIDENCE COMMITTEE, C 803, p. 2, *quoting* FED. ADVISORY COMMITTEE NOTES TO F.R.E. 803(1). Testimony in this case indicated that Hansen's statement to Officer Knight was made about forty-five minutes after the attack. This time span does not qualify as "immediately" after the event. *See United States v. Cruz,* 765 F.2d 1020, 1024 (11th Cir.1985); *Hilyer v. Howat Concrete Co., Inc.,* 578 F.2d 422, 426 n. 7 (D.C.Cir.1978). Therefore, Officer Knight's testimony does not fall within the hearsay rule exception for statements of present sense impression. There being no other hearsay exceptions urged by the State as applicable to this testimony, the testimony should have been excluded pursuant to I.R.E. 802.

I nonetheless agree that reversal of Woodbury's conviction is unnecessary, for the error in the admission of this testimony was harmless. Before Officer Knight was called as a witness, Hansen himself had testified and described the assailant and his clothing. The only notable difference between Hansen's own testimony and that of Officer Knight was in the degree of specificity as to the assailant's coat and the assailant's height. Hansen testified that the perpetrator was a very large individual, "quite a bit taller than six feet," and wore "a dark coat with very distinctive zippers." According to Officer Knight's testimony, on the night of the incident Hansen described the attacker as being six feet, four inches tall or taller, and wearing a black leather jacket with zippers on it. Woodbury is six feet, seven inches tall, and when arrested he was wearing a black leather jacket with prominent zippers. Mr. Hansen testified that Woodbury's jacket looked like the jacket the assailant was wearing. Thus, Officer Knight's hearsay testimony added little, if anything, to Hansen's in-court testimony, and the admission of the hearsay testimony was harmless beyond a reasonable doubt. *See State v. Medrano,* 123 Idaho 114, 120, 844 P.2d 1364, 1370 (Ct.App.1992); *State v. Brazzell,* 118 Idaho 431, 435, 797 P.2d 139, 143 (Ct.App.1990). Accordingly, I join in the conclusion that the judgment of conviction should be affirmed.