782 P.2d 44

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary CLIFF, Defendant–Appellant.**

**No. 17609.**

Court of Appeals of Idaho.

Sept. 27, 1989.

Petition for Review Denied
Nov. 16, 1989.

922

Michael J. Wood, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WESTON, Judge Pro Tem.

Gary Cliff was convicted by a jury of the offense of lewd and lascivious conduct with a minor under age sixteen. I.C. § 18–1508. Thereafter he was committed, under the unified sentencing law, to the custody of the State Board of Correction for a period of ten years, with a three-year minimum period of confinement. On appeal, Cliff contends that the trial court committed error by allowing the eight-year-old victim to hold a doll during her testimony and by allowing into evidence hearsay rebuttal testimony attributed to the defendant's wife. He also argues that the sentence was excessive under the circumstances of his case. For reasons explained below, the

judgment of conviction and sentence is affirmed.

The alleged victim was an eight-year-old stepdaughter of the defendant. The defendant and the victim's mother also were the natural parents of three younger children who resided with them and the victim. On the morning of June 4, 1987, the victim appeared to her second grade teacher to be withdrawn and somber. When questioned by her teacher about her sadness, the victim responded that her "daddy has been touching me in the wrong place." The school immediately reported the statement to the Department of Health and Welfare. That same day, the child was examined by a doctor. The victim was also interviewed, in a video-taped interview, by the deputy prosecuting attorney. The child related to the authorities that on the previous evening, June 3, the defendant had toweled her off after her bath and had touched her between her legs. She further stated that later that evening the defendant came into her room while she was in bed and reached under the covers and her clothing and inserted his finger into her vagina. The medical examination of the victim revealed two superficial ulcers inside of the vagina which were of apparently recent origin. The doctor testified that in his opinion the physical findings were caused by sexual abuse.

I

During the course of the trial the victim testified for the state. As she entered the courtroom to take the stand the victim was carrying a doll. At the request of the defendant the jury was excused and the defendant registered his objection to the child appearing in court with a doll. The state was allowed to produce testimony as a foundation for allowing the witness to possess a doll while she testified. The court-appointed guardian ad litem for the child testified that during the preliminary hearing the victim started to have dry heaves while on the stand and had to be taken to a restroom. The guardian also testified that when the victim gets upset that she also tends to wring her hands, put her hands on her face and chew her nails. It was the guardian's opinion that being able to hold the doll would give the child something to do with her hands. Following the hearing, the court allowed the witness to take the stand while carrying her doll.

■ The defendant urges that this was error which not only prejudiced his right to a fair trial but also violated his constitutional right of confrontation. The Confrontation Clause affords a defendant two types of protection: "the right physically to face those who testify against him, and the right to conduct cross-examination." *Pennsylvania v. Ritchie*, 480 U.S. 39, 51, 107 S.Ct. 989, 998, 94 L.Ed.2d 40 (1987). The defendant does not contend that he was prohibited from facing the witness in court. Instead he urges that his right of cross-examination was hampered by allowing the witness to have the doll as a "psychological security blanket." The defendant's argument is not persuasive. In *Pennsylvania v. Ritchie*, 480 U.S. at 53, 107 S.Ct. at 999, the court indicated that the Confrontation Clause is satisfied "if defense counsel receives wide latitude at trial to question witnesses." In *Delaware v. Fensterer*, 474 U.S. 15, 19, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985), the distinction was made that the Confrontation Clause grants only "an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." (Emphasis in original.) In the present case, the defendant was allowed to face the witness in court and was allowed wide latitude in questioning the witness. We find no violation of the defendant's right of confrontation.

■ The defendant also argues that allowing the child-witness to appear before the jury holding a doll interfered with his due process right to a fair trial. The claim is made that by allowing the child to hold a doll, the trial court allowed the prosecution to highlight the vulnerability of the witness and thus prejudice the defendant by increasing the juror's natural sympathy toward the witness. Every person accused

of a public offense has a right to a fair and impartial trial. *State v. Wilbanks*, 95 Idaho 346, 509 P.2d 331 (1973); *State v. Sharp*, 101 Idaho 498, 616 P.2d 1034 (1980). The trial court judge, as well as the prosecuting attorney, has a duty to protect the defendant's right to a fair trial. *See State v. Fuchs*, 100 Idaho 341, 597 P.2d 227 (1979); *State v. Wilbanks, supra.*

 In the present case, when the witness entered the courtroom with the doll, the judge immediately recessed the jury for the purpose of conducting a hearing. After hearing evidence, the court concluded that the doll could have a calming effect on the witness. The court further concluded that the benefit of having coherent testimony from the witness outweighed any possible prejudice to the defendant. This conclusion will not be disturbed on appeal. In cases, such as this, where it is necessary to receive testimony from young children, the court must strike a balance between the defendant's right to a fair trial and the witness's need for an environment in which he or she will not be intimidated into silence or to tears. The trial judge felt that allowing the child to possess a doll on the stand was a less stringent measure than some that had been accepted by the United States Supreme Court, or required by some state statutes. *See Coy v. Iowa*, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).

The defendant cites *State v. Gevrez*, 61 Ariz. 296, 148 P.2d 829 (1944), a murder case. There the court held that allowing the victim's daughter to take the victim's doll to the stand was prejudicial when coupled with the victim's mother being present and crying in the courtroom throughout the trial. The court noted that it affirmatively appeared in the record that the carrying of the doll by the witness—who was then in the fifth grade—was staged and prearranged by the prosecution, presumably as a trial tactic. In the present case there is no suggestion in the record, nor made by the defendant, of prosecutorial misconduct. Nor does it appear from the record that the prosecution sought to have the child carry her doll for any reason other than its possible calming effect.

## II

 The second issue raised by the defendant concerns the admission into evidence of certain rebuttal testimony. During the course of the trial the defendant's wife testified for the defendant. Her testimony was generally supportive of the defendant. On cross-examination the wife was asked, without objection, about a conversation that she had with a Health and Welfare social worker soon after the victim had reported the defendant's misconduct. The wife admitted that she had told the social worker that she and the defendant were having marital problems and that she was suspicious that the defendant was having an affair. On rebuttal, over the objection of the defendant, the social worker then testified that the wife had voiced her suspicions that the defendant was having an affair with their babysitter. The basis of the objection to the rebuttal testimony was that it was cumulative and irrelevant. The defendant argues on appeal that it was also prejudicial. We disagree and hold that, at best, the admission of the rebuttal testimony constituted only harmless error. I.C.R. 52; I.R.E. 103(a). The information elicited from the rebuttal witness had already been put before the jury, without objection, during the cross-examination of the wife. In order to mandate a reversal it must be shown that the objectionable evidence (i.e., the rebuttal testimony) contributed to the verdict and thereby affected the substantial rights of the defendant. *State v. Hall*, 111 Idaho 827, 727 P.2d 1255 (Ct. App.1986) (review denied). We are not persuaded that the introduction of this rebuttal evidence resulted in prejudice to the defendant.

## III

 Finally, the defendant contends that the sentence imposed was excessive. In order to prevail on this ground, the defendant must show that the sentence was in excess of what was necessary in order to accomplish the legitimate goals of

sentencing. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In this case the defendant was given a ten-year indeterminate sentence with a minimum three-year period of confinement. In a written sentencing memorandum, the court concluded that the defendant was not a proper candidate for probation. This conclusion was based upon the presentence report and the reports of two sexual therapists. The court also considered the fact that the defendant and his wife continue to deny any misconduct or deviant proclivities by the defendant; and that the defendant's denial of misconduct affects his treatment prospects. The court noted that if placed on probation the defendant planned to re-enter the home, where there are still two young girls residing. Without proper and effective treatment, the court felt that there would be an undue risk of the defendant re-offending. I.C. § 19–2521(1)(a). The court announced sound reasons for the sentence imposed. We conclude that the sentence was not excessive. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App. 1989); *State v. Toohill, supra*.

The judgment of conviction, including the sentence imposed, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.