**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 25, 2013**

# In the Court of Appeals of Georgia

A13A1186. CRAFT v. THE STATE.

RAY, Judge.

A Turner County jury convicted Jerry Andrew Craft of three counts of child molestation (OCGA § 16-6-4) and one count of enticing a child for indecent purposes (OCGA § 16-6-5). Craft appeals from the denial of his motion for a new trial challenging the sufficiency of the evidence. Counts 1-3 of the indictment charged Craft with child molestation "by asking the child if she had pubic hair and attempting to touch her vaginal area with his hand," "by asking the child if she wanted to touch his penis," and "by attempting to kiss the child on the lips," respectively. Count 4 charged Craft with enticing a child for indecent purposes by taking the child to "the residence located at 4643 Stanford Road, Ashburn, GA for the purpose of committing acts of child molestation . . . ." On appeal, Craft challenges the sufficiency of the

evidence as to Counts 1-3, arguing that neither asking an inexplicit question of a child nor an unsuccessful attempted act of child molestation can constitute an act of child molestation. As to Count 4, Craft claims that the State's evidence was insufficient for there was no evidence showing that he transported the child to his residence for anything other than a proper purpose. We disagree and affirm.

Viewed in the light most favorable to the jury's verdict, the child, then under the age of 12, testified at trial that Craft, her grandfather, took her to his house to "try on some pants from [her] grandma's closet" because she had spilled some chocolate milk on her pants as the two were en route to a carnival. The child further testified that while at the house, Craft asked her if she had any pubic hair while he tried to touch her vaginal area, asked if she wanted to look at his penis and touch it as he unzipped his pants and exposed it, and then tried to kiss her on her lips. The child's testimony was consistent with what she reported to the other State's witnesses, a social services case manager, a forensic interviewer with the child advocacy center, and her mother.

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514)

2

(1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(a) *Child Molestation.* OCGA § 16-6-4 (a) (1) provides that "[a] person commits the offense of child molestation when [he] . . . [d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of . . . the person." As to Count 1, the child testified that Craft asked her if she had pubic hair while also attempting to touch her vagina. As to Count 2, the child testified that Craft asked her if she wanted to touch his penis as he unzipped his pants and exposed himself. And as to Count 3, the child testified that Craft attempted to kiss her on the lips after he exposed himself and attempted to have her touch his penis.

> Immoral or indecent acts constituting child molestation refer to acts generally viewed as morally indelicate or improper or offensive and acts which offend against the public's sense of propriety. . . . [T]he Georgia law against child molestation affords protection to a child's body in those cases where the act or acts are more suggestive of sexually oriented misconduct than simply assaultive in nature.

3

(Citations and punctuation omitted.) *Wormley v. State*, 255 Ga. App. 347, 348 (565 SE2d 530) (2002). "Sexual contact between a victim and perpetrator can be merely verbal." (Citations omitted.) *Carolina v. State*, 276 Ga. App. 298, 302 (3) (623 SE2d 151) (2005).

The testimony in this case supports the conclusion beyond a reasonable doubt that Craft's actions in the presence of the child in combination with his questions, were "immoral or indecent" within the meaning of OCGA § 16-6-4 (a) (1). The fact that he acted with the intent to arouse his sexual desires is equally supported by the evidence beyond a reasonable doubt. See, e.g., *Arnold v. State*, 249 Ga. App. 156, 158 (545 SE2d 312) (2001) ("Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this") (footnote omitted).

(b) *Enticing a Child for Indecent Purposes*. Craft contends that insufficient evidence supports his conviction for taking the child to his home for indecent purposes. He argues that the State presented no evidence at trial showing showed that he took the child to his home for any purpose other than a change of clothes.

"A person commits the offense of enticing a child for indecent purposes when he . . . takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." OCGA § 16-6-5 (a). Thus, the crime

4

of enticing a child for indecent purposes in violation of OCGA § 16-6-5 requires a showing of the act of taking a child and the intention to commit acts of indecency or child molestation. That Craft took the child to his home is here not in issue. As noted above in Subsection (a) of this opinion, there was evidence showing beyond a reasonable doubt that Craft intended to commit acts of child molestation. "[W]hether [the defendant's] intentions were innocent as he asserted . . . or to arouse his own sexual desires as found by the jury, was peculiarly a question of fact for determination by the jury." *Arnold*, supra. See also *Dennis v. State*, 158 Ga. App. 142, 142 (2) (279 SE2d 275) (1981) (evidence that defendant took child in his motor vehicle for purpose of indecent acts was sufficient to support conviction of enticing a child for indecent purposes, even where there was no evidence of enticing, inviting, or persuading victim to go with him).

Given the foregoing, the trial court did not err in denying Craft's motion for a new trial for lack of sufficient evidence to support his convictions.

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*

5