**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
          **https://www.gaappeals.us/rules**

**September 24, 2025**

# In the Court of Appeals of Georgia

A25A1250. ZAHN v. THE STATE.

DOYLE, Presiding Judge.

Following a jury trial, Levi Zahn was convicted of child molestation based on sexual contact with his four-year-old niece. After his motion for new trial was denied, Zahn filed this appeal, in which he contends (1) that the evidence was insufficient to sustain the conviction; that the trial court (2) plainly erred by permitting the victim to have stuffed animals as she testified and during closing arguments, and (3) erred by overruling trial counsel's burden shifting objection during closing arguments; and (4) that trial counsel provided ineffective assistance. For the reasons that follow, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most

favorable to the verdict, with the defendant no longer enjoying a presumption of innocence."[1]

So viewed, the evidence presented at trial shows that in December 2017, Zahn[2] lived down the street from his brother, Ben Zahn, and his brother's wife, Amy Zahn, for whom Zahn frequently babysat their two children, including four-year-old L. Z. In March 2018, L. Z. disclosed to Amy that Zahn had her "touch his wee-wee" the last time Zahn had babysat her overnight. When Amy reminded L. Z. that only parents and doctors were allowed to touch her private areas, L. Z. responded, "Well, except Uncle Levi. I can only touch his wee-wee." L. Z. also stated that she "only touched the sides and not the pointy part."

Amy called Ben to tell him what L. Z. had said, after which they went to the police station to file a report. Amy and Ben later asked L. Z. about the incident, which L. Z. stated had happened on the floor of her bedroom and during which Zahn had the top of his pants down.

A few days after filing the police report, Ben and Amy invited Zahn to their house to discuss the incident, which Zahn denied had occurred. When asked why L.

---

[1] (Punctuation omitted.) *Ford v. State*, 370 Ga. App. 414 (897 SE2d 621) (2024).

[2] Zahn was 17 years old at the time.

Z. would accuse him of molesting her, Zahn offered that "maybe she barged into the bathroom while I was using the restroom."

L. Z. subsequently underwent a medical examination and a forensic interview, during which she confirmed the abuse and provided contextual details.

Zahn was indicted for one count of child molestation.[3] At the time of trial, L. Z. was 10 years old. When L. Z. testified, she brought two stuffed animals to the stand. Consistent with her prior statements, she testified that Zahn pulled down his shorts and made her touch his penis in her bedroom on a night when her parents were not there. Zahn testified in his own defense and denied any wrongdoing, although he admitted that he was alone with L. Z. in her room at one point on the night in question. The jury returned a guilty verdict.

Zahn filed a motion for new trial, which he amended three times. After a hearing at which trial counsel testified, the trial court denied Zahn's motion for new trial. Zahn now appeals.

1. Zahn contends that the evidence was insufficient to support his conviction. We disagree.

> [I]n evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine

---

[3] OCGA § 16-6-4 (a) (1).

whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. The jury's verdict will be upheld, then, so long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case.[4]

"A person commits the offense of child molestation when such person . . . [d]oes an immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]"[5] The evidence at trial, as recounted above, was sufficient to support Zahn's conviction for child molestation.[6] L. Z.'s credibility, as well as any conflicts between her testimony and out-of-court statements, were for the jury to resolve.[7]

---

[4] (Citations and punctuation omitted.) *Smith v. State*, 354 Ga. App. 882, 884 (1) (842 SE2d 305) (2020).

[5] OCGA § 16-6-4 (a) (1).

[6] See *Smith v. State*, 361 Ga. App. 436, 440-441 (1) (c) (864 SE2d 645) (2021) (holding that the evidence was sufficient to authorize a child molestation conviction where the defendant asked the victim to touch his penis); *Craft v. State*, 324 Ga. App. 7, 8 (a) (749 SE2d 16) (2013) (holding that the evidence was sufficient to support a child molestation conviction where the defendant exposed his penis to the minor victim and asked her to touch it).

[7] See *Hogg v. State*, 356 Ga. App. 11, 13 (1) (846 SE2d 183) (2020) ("[C]onflicts between the victim's testimony at trial and the victim's out-of-court statements were for the jury to resolve, and the jury, alone, was authorized to judge the credibility of the victim's testimony.") (citation and punctuation omitted).

Nevertheless, Zahn contends that the evidence was insufficient to show that he had acted with the requisite intent to arouse or satisfy his sexual desires, because there was no evidence that his penis was erect or that he ejaculated. However,

> the child molestation statute does not require proof of the defendant's actual arousal. Instead, the law requires only that the defendant have acted with the intent to arouse his sexual desires. The question of intent is peculiarly a question of fact for determination by the jury, which may infer a defendant's intent from the evidence presented at trial. Where the jury finds the requisite intent, that finding will not be reversed on appeal provided there is some evidence supporting the jury's inference.[8]

Here, the jury was authorized to infer Zahn's intent to arouse or gratify his sexual desires based on his act of exposing his penis to a child and asking her to touch it.[9]

2. Zahn next contends that the trial court committed plain error by permitting L. Z. to have stuffed animals (a) during her testimony and (b) during closing arguments. We disagree.

---

[8] (Punctuation omitted.) *McMurria v. State*, 359 Ga. App. 558, 560 (1) (859 SE2d 530) (2021). See also OCGA § 16-2-6 ("A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.").

[9] See *Brown v. State*, 324 Ga. App. 718, 721 (1) (751 SE2d 517) (2013) (holding that evidence that the defendant exposed his penis to a child and had her touch it supported the inference that the defendant had acted with the intent to arouse or satisfy himself sexually).

Plain error requires the following:

First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings.[10]

"[S]atisfying the plain-error standard is difficult, as it should be."[11]

(a) Zahn contends that the trial court committed plain error by allowing L. Z. to have stuffed animals during her testimony. We disagree.

L. Z. brought two stuffed animals with her to the stand, which counsel for the State briefly acknowledged at the beginning of her testimony:

COUNSEL: And who do you have with you today? Who are you holding?

---

[10] (Punctuation and emphasis omitted.) *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011).

[11] (Punctuation omitted.) *State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017).

WITNESS: My cats.

COUNSEL: What are their names?

WITNESS: Noodles and Mr. Meows.

. . .

COUNSEL: And are they both cats?

WITNESS: Yes.

Thereafter, L. Z. kept the stuffed animals under the counter and did not hold them up or otherwise display them to the jury during the remainder of her testimony. Zahn did not object to the exchange or the presence of the stuffed animals. Accordingly, this enumeration is subject only to plain error review.

Zahn did not affirmatively waive this issue at trial, so the first prong of plain error is met. As to the second prong, however, Zahn has not shown that the presence of the stuffed animals was clear or obvious error. Zahn concedes that there is no controlling authority for the proposition that the presence of these items was error. "An error cannot be plain where there is no controlling authority on point."[12]

---

[12] See *State v. Herrera-Bustamante*, 304 Ga. 259, 264 (2) (b) (818 SE2d 552) (2018) (punctuation omitted).

Moreover, "Georgia has long recognized that a trial court is vested with considerable discretion in its conduct of court proceedings. This considerable discretion includes discretion to make reasonable accommodations for the comfort and care of witnesses with special needs."[13] We have previously held that it is within a trial court's discretion to permit such witnesses to testify accompanied by service animals[14] or caregivers.[15] L. Z. was timid and required effort by the trial court and counsel for the State to make her comfortable during her testimony, and L. Z.'s stuffed animals were less distracting than a live animal or emotional support individual would have been. Although Georgia courts have not addressed this issue, numerous other jurisdictions have held that, under such circumstances, it is within a trial court's discretion to permit a child witness to hold a doll, toy, or other comfort item on the witness stand.[16]

---

[13] (Punctuation omitted.) *Jones v. State*, 354 Ga. App. 568, 578 (3) (841 SE2d 112) (2020). See also OCGA § 24-6-611 (a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: (1) [m]ake the interrogation and presentation effective for the ascertainment of the truth; (2) [a]void needless consumption of time; and (3) [p]rotect witnesses from harassment or undue embarrassment.").

[14] See *Jones,* 354 Ga. App. at 578-579 (3).

[15] See *Williamson v. State*, 234 Ga. App. 658, 658-659 (2) (507 SE2d 765) (1998) (trial court did not abuse its discretion by allowing a grandmother to stand near a nine-year-old child molestation victim during his testimony).

[16] See *Smith v. State*, 2005 WY 113, P23-P30 (119 P3d 411) (2005); *State v. Perovich*, 2001 S.D. 96, P13-P17 (632 NW2d 12) (2001); *State v. Dickson*, 337 SW3d

Accordingly, this enumeration does not survive plain error review.

(b) Zahn also contends that the trial court committed plain error by allowing L. Z. to have stuffed animals in the courtroom during closing arguments. Again, we disagree.

At the motion for new trial hearing, Zahn's wife, Kayla Zahn, testified that L. Z. was present in the courtroom during closing arguments. Kayla testified that she saw L. Z. holding one of the stuffed animals during closing arguments and that, although she did not see how it got there, the stuffed animal was placed on a ledge such that it could have been visible to at least some members of the jury. Zahn made no objection to this at trial. As such, this enumeration is subject only to plain error review.

Zahn did not affirmatively waive this issue at trial, so the first prong of plain error is met. Nevertheless, Zahn has failed to show that the presence or location of L. Z.'s stuffed animals during closing arguments was clear or obvious error. Again, Zahn cites no controlling authority, and we are aware of none, for the proposition that the

733, 742-744 (II) (Mo. Ct. App. 2011); *State v. Powell*, 318 SW3d 297, 302-304 (II) (Mo. Ct. App. 2010); *State v. McPhee*, 58 Conn. App. 501, 505-508 (I) (A), (I) (B) (755 A2d 893) (2000); *State v. Marquez*, 124 N.M. 409, 413 (951 P2d 1070) (1997); *State v. Gibson*, 973 SW2d 231, 245 (Tenn. Crim. App. 1997); *Sperling v. State*, 924 SW2d 722, 725-726 (Tex. App. 1996); *People v. Gutkaiss*, 206 AD2d 628, 631 (614 NYS2d 599) (App. Div. 1994); *State v. Cliff*, 116 Idaho 921, 923-924 (I) (782 P2d 44) (Ct. App. 1989); *Commonwealth v. Amirault*, 404 Mass. 221, 243-244 (9) (535 NE2d 193) (1989).

presence of these items in the courtroom during closing arguments is error. We reiterate that "[a]n error cannot be plain where there is no controlling authority on point."[17]

In addition to the above, Zahn has not shown that the presence of L. Z.'s stuffed animals in the courtroom during closing arguments affected the outcome of the proceedings. No jurors testified at the motion for new trial hearing. Thus, there is no evidence that the jurors actually saw L. Z.'s stuffed animals during closing arguments or that, if they did, this affected their decision.[18] Kayla's testimony establishes only that some of the jurors *could* have seen one of L. Z.'s stuffed animals during closing arguments, but "[h]arm cannot be shown by mere speculation and conjecture unsupported by the record."[19] Accordingly, this enumeration does not withstand plain error review.

3. Zahn contends that the trial court erred by overruling trial counsel's burden shifting objection during closing arguments. We disagree.

---

[17] (Punctuation omitted.) *Herrera-Bustamante*, 304 Ga. at 264 (2) (b).

[18] The record reflects that neither trial counsel nor the trial court saw L. Z.'s stuffed animals during closing arguments.

[19] (Punctuation omitted.) *Williams v. State*, 248 Ga. App. 628, 632 (4) (548 SE2d 350) (2001).

During closing arguments, trial counsel criticized the State for not presenting body camera footage from the night L. Z.'s parents reported the abuse. In response, the State made the following argument, to which trial counsel objected, and which objection the trial court overruled:

> [STATE:] Counsel mentions these two bodycams. Ladies and gentlemen, the defense has the same discovery we do. They have it all. They have everything we have. So, if it were actually important, you don't think they would have—
>
> MR. CHAPMAN: Your Honor, I'm going to object. That's an improper argument. That's burden shifting.
>
> THE COURT: Overruled.
>
> [STATE]: Thank you. . . . They have the same exact materials we do. And if they wanted you to see it and if it was important, they would have shown you. It's the same people on these bodycams saying exactly what they came in to show you . . . throughout the week.

"A prosecutor has wide latitude in the conduct of closing argument, the bounds of which are in the trial court's discretion. And where the defense presents no evidence to rebut the evidence of guilt, it is not improper for the prosecutor to point

11

out that fact to the jury."[20] Viewed in context, the prosecutor was simply responding to the defense's comment on the lack of body camera footage by arguing that the footage would have been cumulative of other testimony. In this context, the argument "did not improperly shift the burden to [Zahn] to prove his innocence, and the [argument] was therefore not improper."[21] Accordingly, we discern no abuse of discretion in the trial court overruling trial counsel's objection.

4. Finally, Zahn contends that trial counsel was deficient for (a) failing to object to L. Z. having stuffed animals during her testimony; (b) failing to object to L. Z. having stuffed animals during closing arguments; and (c) failing to object and move for a mistrial when the State allegedly improperly commented on the defense expert's credibility (i) during cross-examination of the expert and (ii) during closing arguments. We disagree.

To prevail on a claim of ineffective assistance of counsel, Zahn must show that his counsel's performance was "deficient and that the deficient performance so

---

[20] (Citation and punctuation omitted.) *Ridley v. State*, 315 Ga. 452, 458 (4) (a) (883 SE2d 357) (2023).

[21] *Thompson v. State*, 318 Ga. 760, 768 (4) (b) (900 SE2d 607) (2024). See also *Ridley*, 315 Ga. at 457-458 (4) (a) (holding that the prosecutor's argument in closing that the defendant had the same power to subpoena witnesses as the State did not improperly shift the burden of proof to the defendant, but rather was a proper comment on the defendant's failure to present evidence).

prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[22] "If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by the Court."[23]

> In reviewing the trial court's decision, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[24]

(a) Zahn argues that trial counsel was ineffective for not objecting to L. Z. having stuffed animals during her testimony. Because trial counsel had valid strategic reasons for not so objecting, and in light of the lack of binding precedent on this issue, trial counsel was not deficient in this regard.

At the motion for new trial hearing, trial counsel testified that, although he would have preferred for L. Z. not to have had stuffed animals during her testimony, he forwent an objection because he did not want to upset L. Z., which would have

---

[22] (Punctuation omitted.) *Anderson v. State*, 371 Ga. App. 139, 141 (2) (899 SE2d 770) (2024), citing *Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

[23] *Barge v. State*, 294 Ga. 567, 569 (2) (755 SE2d 166) (2014).

[24] (Punctuation omitted.) *Lyons v. State*, 309 Ga. 15, 25 (8) (843 SE2d 825) (2020).

been detrimental to the defense. In its order denying Zahn's motion for new trial, the trial court found that trial counsel had strategic reasons for not objecting to L. Z. having stuffed animals during her testimony.

Moreover, in Division 2 (a), we found that Zahn failed to demonstrate plain error in L. Z. being allowed to testify with stuffed animals since no controlling authority supported his position. "Given the lack of binding appellate precedent on this issue, [Zahn] has not carried his burden of showing that his trial counsel's failure to [object to L. Z. having stuffed animals during her testimony] was patently unreasonable, and this claim fails."[25]

(b) Zahn argues that trial counsel was ineffective for failing to object to L. Z. having stuffed animals in the courtroom during closing arguments. Again, we disagree.

In Division 2 (b), we found no plain error in L. Z. being allowed to have stuffed animals in the courtroom during closing arguments. In particular, we concluded that Zahn had failed to show that the stuffed animals' presence in the courtroom during

---

[25] *Hurston v. State*, 310 Ga. 818, 829-830 (3) (b) (854 SE2d 745) (2021). See also *Sawyer v. State*, 308 Ga. 375, 383 (2) (a) (839 SE2d 582) (2020) ("[T]rial counsel's failure to raise a novel legal argument does not constitute ineffective assistance of counsel."); *Esprit v. State*, 305 Ga. 429, 438 (2) (c) (826 SE2d 7) (2019) ("A criminal defense attorney does not perform deficiently when he fails to advance a legal theory that would require an extension of existing precedents and the adoption of an unproven theory of law.") (punctuation omitted).

closing arguments affected the outcome of the proceedings, given that there is no evidence that the jury saw or based its decision on the stuffed animals. "The prejudice step of the plain-error standard is equivalent to the prejudice prong for an ineffective assistance of counsel claim."[26] Absent a showing of prejudice, Zahn cannot demonstrate ineffective assistance of counsel on this ground.

(c) Zahn argues that trial counsel was ineffective for (i) failing to move for a mistrial when the State, during cross-examination of the defense expert, allegedly commented on the defense expert's credibility; and (ii) failing to object when the State made an allegedly improper comment on the defense expert's credibility during closing arguments. We disagree on both counts.

(i) During cross-examination of the defense's forensic interviewing expert, the State posed the following question: "And you've conducted forensic interviews currently, you said, I think, once a month roughly. Essentially, when the defense hires you to do so, not the State because the State wouldn't do that." Trial counsel objected to the question, which the trial court sustained, but did not move for a mistrial.

"To succeed on this ineffective assistance claim, [Zahn] must make a strong showing that if his trial counsel had moved for a mistrial, the trial court would have

---

[26] (Punctuation omitted.) *Rogers v. State*, 369 Ga. App. 543, 551 (4) (b) (894 SE2d 85) (2023).

abused its discretion if it denied the motion."[27] "[A] mistrial is warranted only if essential to preserve a defendant's right to a fair trial, and the trial court is vested with broad discretion in making this determination."[28]

Zahn cannot succeed on this claim of ineffective assistance. The trial court, during its preliminary charge, had instructed the jury that what the lawyers say is not evidence. Additionally, the trial court had charged the jury that if an objection was sustained, the objectionable content should be excluded from the jury's consideration. Finally, the defense expert had already testified that she testified primarily for the defense in criminal cases involving allegations of abuse and that the State does not hire her to conduct private forensic interviews. Consequently, Zahn has failed to make a strong showing that the trial court would have abused its discretion by denying a motion for a mistrial.

(ii) In closing arguments, the State made the following argument regarding the defense expert's testimony:

> [S]he came in here to testify because she was paid to. . . . When a child goes to the state agency, they go to a child advocacy center, a child-friendly environment, and they're — when interviews are conducted, if

---

[27] *Boutier v. State*, 328 Ga. App. 869, 875 (2) (c) (763 SE2d 255) (2014).

[28] *Mister v State*, 286 Ga. 303, 306 (3) (687 SE2d 471) (2009).

the client doesn't like it, they just call her so she can say whatever it is they want. Because as long as you pay, she will say.

Trial counsel did not object or move for a mistrial. At the motion for new trial hearing, trial counsel testified that he strategically withheld an objection to this argument because the State "had already had their hand slapped on that issue and . . . it seemed a bit desperate on behalf of the State[.] . . . So it did not seem egregious enough that it warranted making the objection." Trial counsel also testified that it was a strategic decision not to move for a mistrial, because doing so "would invariably have weakened our ability to defend Mr. Zahn because I think the State would have countered a lot of our arguments preemptively if there had been a second trial."

"A prosecutor may not express to the jury her personal belief about the veracity of a witness."[29] "While it is improper for counsel to state to the jury counsel's personal belief as to the veracity of a witness, it is not improper for counsel to urge the jury to draw such a conclusion from the evidence.[30] Here, the trial court found that counsel for the State had argued reasons that the defense expert was not credible without expressing personal beliefs about her credibility. Based on this record,

---

[29] *Brown v. State*, 302 Ga. 454, 462 (2) (c) (807 SE2d 369) (2017).

[30] (Punctuation omitted.) *West v. State*, 369 Ga. App. 291, 293 (a) (893 SE2d 179) (2023).

including the defense expert's testimony that in criminal matters she is retained primarily by defendants, we cannot say that this finding is clearly erroneous. Neither can we say that trial counsel's tactical decision to withhold an objection and refrain from moving for a mistrial was "so patently unreasonable that no competent attorney would have followed such a course."[31] Accordingly, Zahn has not shown that trial counsel was deficient in this respect.

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[31] (Punctuation omitted.) *Brown*, 302 Ga. at 463 (2) (c).